FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
03/16/2021 04:35 PM
CV 2021 03 0391

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | |
|---|---|
| TIMOTHY ANDERSON<br>3190 Shadow Ridge Ct.<br>Morrow, OH 45152<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC.<br>2900 Towne Blvd.<br>Middletown, OH 45044<br><br>　**Serve Also:**<br>　Walmart, Inc.<br>　c/o CT Corporation System (Stat. Agent)<br>　4400 Easton Commons Way, Suite 125<br>　Columbus, Ohio 43219<br><br>**-and-**<br><br>BRADLEY STOTTS<br>c/o Walmart, Inc.<br>2900 Towne Blvd.<br>Middletown, Ohio 45044<br><br>　　　　　　　Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR<br>DAMAGES AND<br>INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff TIMOTHY ANDERSON by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

### PARTIES

1. Anderson is a resident of the city of Morrow, Warren County, state of Ohio.

2. Defendant WALMART INC. ("Walmart") is a foreign incorporated, for profit company that conducts business throughout the state of Ohio and others. The relevant location of the events and omissions of the Complaint took place was Walmart's Middletown location at 2900 Towne Blvd., Middletown, OH 45044.

EXHIBIT A

3. Walmart is, and was at all times hereinafter mentioned, Anderson's employer within the meaning of Ohio R.C. § 4112.01 *et seq.*

4. Upon information and belief, Defendant BRADLEY STOTTS is a resident of Ohio.

5. Defendant Stotts is, and was at all times hereinafter mentioned, an owner, manager, supervisor, and/or agent of Walmart, and as such, an employer within the meaning of R.C. § 4111 et seq. and R.C. § 4101 et seq.

6. At all times referenced herein, Defendant Stotts was Plaintiff's employer within the meaning of R.C. § 4101 et seq., and R.C. § 4112.01(A)(2).

7. Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1), (2), and/or (3).

8. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), and/or (6).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

10. Anderson is a former employee of Walmart.

11. At all times noted herein, Anderson was qualified for his position with Walmart and could fully perform the essential functions of his job, with or without a reasonable accommodation.

12. Anderson is age 60 (though appears much younger), and thus is in a protected class for his age. He is substantially older than the others named herein, upon information and belief.

13. Anderson worked for Walmart as a Maintenance Tech 2 from September 14, 2020 until Walmart terminated Anderson's employment on October 23, 2020.

14. Anderson had a two-hour Zoom interview with Walmart, in which Defendant Stotts, the Senior HVAC Facilities Manager, asked Anderson a multitude of maintenance questions.

15. Anderson's interview went well, and Walmart offered him a Maintenance Tech 2 position.

16. At this point, Defendant Stotts was not aware of Plaintiff's age.

17. Anderson was excited to join Walmart and started in his role on or about September 14, 2020.

18. For the first three weeks of Anderson's employment at Walmart, he worked at various Walmart locations with different Maintenance Tech 3s.

19. Anderson performed every task the Tech 3s assigned him without issue.

20. Defendant Stotts called Anderson around September 21, 2020.

21. During that conversation, Anderson mentioned that he was sixty years old.

22. Defendant Stotts said, "Gosh, I didn't realize you were sixty. I guess we'll see if your age limits your ability to do the job." This comment would not have been made to younger employees.

23. On October 7, 2020, Defendant Stotts and Jeff (LNU), a Maintenance Tech 3, worked with Anderson.

24. Over the course of the day, Defendant Stotts and Jeff (LNU) tested Anderson's maintenance knowledge and ability to perform the job.

25. One of the tests that Defendant Stotts gave Anderson required Anderson to access the roof.

26. Access to the roof required a thirty-two-foot extension ladder that was stored on top of a maintenance van.

27. Defendant Stotts and Jeff (LNU) parked the maintenance van about twenty-five yards from the store.

28. Defendant Stotts told Anderson to carry the ladder from the van to the store wall, extend the ladder, and climb to the roof.

29. Anderson requested that they move the van closer to the wall, so the ladder could be removed from the van and immediately propped against the wall.

30. Defendant Stotts refused, so Anderson carried the heavy ladder to the wall, extended the ladder, and climbed to the roof with his toolbox.

31. Defendant Stotts followed Anderson to the roof and noticed that Anderson was a little winded.

32. Defendant Stotts made the discriminatory comment, "If you weren't so old, you wouldn't be so weak and out of shape."

33. Defendant Stotts did not insult younger technicians when they performed their job duties.

34. On or about October 16, 2020, Defendant Stotts met with Anderson.

35. Defendant Stotts told Anderson that Defendant Stotts had talked with all the Maintenance Tech 3s and, as a group, they thought Anderson was "too old for the job."

36. Anderson was surprised to hear the discriminatory remark because he had received nothing but positive feedback from the Tech 3s.

37. Anderson had not had any difficulty successfully completing all the maintenance jobs assigned to him, nor had any of the Tech 3s had to correct any of Anderson's work.

38. On or about October 23, 2020 Defendant Stotts terminated Anderson based upon Anderson's age.

39. When Defendant Stotts terminated Anderson's employment, Defendant Stotts made the discriminatory comment, "You bet I'm never going to hire another sixty-year-old guy."

40. Defendant Stotts replaced Anderson with a significantly younger man in his thirties, upon information and belief.

41. Walmart's termination of Anderson's employment was an adverse employment action against him.

42. Walmart actually terminated Anderson's employment discriminatorily against his age and cited Defendant Stotts stated as such in Anderson's termination meeting (and prior).

43. As a result of the above, Anderson has suffered damages.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq*.**

44. Anderson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

45. Anderson is 60 years old, and thus is in a protected class for his age.

46. Anderson is substantially older than the others named herein, upon information and belief.

47. R.C. § 4112 *et seq*. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

48. Defendants treated Anderson differently than other similarly situated employees based upon his age.

49. Defendants' termination of Anderson's employment was an adverse employment action against him.

50. Defendants cited Anderson's age as basis for his termination.

51. Alternatively, Defendants' purported reason for Anderson was pretext.

52. Defendants actually terminated Anderson's employment due to his age.

53. Defendants violate R.C. § 4112.14(A) and R.C. § 4112.99 by terminating Anderson's employment because of his age.

54. Defendants violated R.C. § 4112.14(A) and R.C. § 4112.99 by treating Anderson differently from other similarly situated employees outside his protected class.

55. Defendants violated R.C. § 4112.14(A) and R.C. § 4112.99 by applying their employment policies in a disparate manner based on Anderson's age.

56. Defendants violated R.C. § 4112.14(A) and R.C. § 4112.99 by applying their disciplinary policies in a disparate manner based on Anderson's age.

57. Anderson incurred emotional distress damages as a result of Defendants' conduct described herein.

58. As a direct and proximate result of Defendants' acts and omissions, Anderson has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Anderson demands from Defendants the following:

a) Issue a permanent injunction:

   i.   Requiring Walmart to abolish discrimination, harassment, and retaliation;

   ii.  Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet its legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv.  Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Walmart to expunge his personnel file of all negative documentation;

c) An award against each Walmart for compensatory and monetary damages to compensate Anderson for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Walmart in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Anderson's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


   */s/ Matthew G. Bruce*   
Matthew G. Bruce (0083769)
      Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM**
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-4744 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Timothy Anderson*

## **JURY DEMAND**

Plaintiff TIMOTHY ANDERSON demands a trial by jury by the maximum number of jurors permitted.

                                              */s/ Matthew G. Bruce*
                                              Matthew G. Bruce (0083769)



Z000041161

**WALMART INC**
**2900 TOWNE BLVD.**
**MIDDLETOWN, OH 45044**

Date:  March 19, 2021                                      Case No. : CV 2021 03 0391
                          TIMOTHY ANDERSON vs. WALMART INC et al

### S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

> BRUCE, MATTHEW G
> SPECTRUM OFFICE  TOWER,
> 11260 CHESTER RD SUITE 825
> CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Norma Martin
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016



Z000041162

**WALMART INC**
**C/O CT CORPORATION SYSTEM (STAT. AGENT)**
**4400 EASTON COMMONS WAY, SUITE 125**
**COLUMBUS, OH 43219**

---

Date:    March 19, 2021                                   Case No. : CV 2021 03 0391
                        TIMOTHY ANDERSON vs. WALMART INC et al

---

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

> BRUCE, MATTHEW G
> SPECTRUM OFFICE TOWER,
> 11260 CHESTER RD SUITE 825
> CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>Norma Martin</u>
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ⬤ 315 HIGH STREET ⬤ SUITE 550 ⬤ HAMILTON, OHIO 45011-6016



Z000041163

**BRADLEY STOTTS**
**C/O WALMART, INC.**
**2900 TOWNE BLVD**
**MIDDLETOWN, OH 45044**

---

Date:    March 19, 2021                                    Case No. : CV 2021 03 0391
                          TIMOTHY ANDERSON vs. WALMART INC et al

---

### S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

        BRUCE, MATTHEW G
        SPECTRUM OFFICE TOWER,
        11260 CHESTER RD SUITE 825
        CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>Norma Martin</u>
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

**UNITED STATES POSTAL SERVICE**

CV 2021 03 0391

Date Produced: 03/29/2021

Butler County, Ohio Clerk of Courts:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8300 0035 3623 18. Our records indicate that this item was delivered on 03/23/2021 at 10:30 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient: 4400 Easton Common

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below.

WALMART INC
C/O CT CORPORATION SYSTEM (STAT. AGENT)
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219

---

USPS MAIL PIECE TRACKING NUMBER: 42043219921489019403830000353623 18
MAILING DATE:        03/19/2021
DELIVERED DATE:      03/23/2021
Case Number: CV 2021 03 0391
Tracking Number: Z000041162
Clerk By: Norma Martin

MAIL PIECE DELIVERY INFORMATION:

WALMART INC.
C/O CT CORPORATION SYSTEM (STAT. AGENT)
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219

MAIL PIECE TRACKING EVENTS:

| | | | |
|---|---|---|---|
| 03/19/2021 10:12 | PRE-SHIPMENT INFO SENT USPS AWAITS ITEM | | HAMILTON,OH 45011 |
| 03/19/2021 21:31 | ORIGIN ACCEPTANCE | | HAMILTON,OH 45011 |
| 03/19/2021 22:46 | PROCESSED THROUGH USPS FACILITY | | CINCINNATI,OH 45234 |
| 03/20/2021 08:56 | PROCESSED THROUGH USPS FACILITY | | COLUMBUS,OH 43218 |
| 03/23/2021 10:30 | DELIVERED INDIVIDUAL PICKED UP AT USPS | | COLUMBUS,OH 43224 |

FILED BUTLER CO.
COURT OF COMMON PLEAS

MAR 30 2021

MARY L SWAIN
CLERK OF COURTS

---

Courtview Tracking No.: Z000041162

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

| | |
|---|---|
| Timothy Anderson, | : |
| | :    Case No. CV-2021-03-0391 |
| Plaintiff, | : |
| | :    Judge Michael A. Oster Jr. |
| | : |
| v. | :    **NOTICE OF APPEARANCE** |
| | : |
| Walmart, Inc.[1] | : |
| | : |
| and | : |
| | : |
| Bradley Stotts, | : |
| | : |
| Defendants. | : |

Defendant, Walmart, Inc., by and through counsel, hereby respectfully provides notice to the Court that the undersigned, Allie A. Maples, of Dinsmore & Shohl, LLP will represent Defendant in this matter, and said counsel is hereby entering her appearance.

Date: April 20, 2021

/s/ Allie A. Maples_____
Allie A. Maples (OH 0100318)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
P: (513) 977-8200
F: (513) 977-8141
Allie.maples@dinsmore.com

*Counsel for Defendant*

---

[1] Defendant has been incorrectly named as Walmart, Inc. The proper party name is Wal-Mart Stores East, LP.

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **NOTICE OF APPEARANCE**
by mailing a copy of the same via United States mail, with sufficient postage thereon to ensure
delivery and addressed to:

Matthew G. Bruce
Evan R. MacFarland
The Spitz Law Firm, LLC
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246

Date: April 20, 2021                                    /s/ Allie A. Maples
                                                        ***Counsel for Defendant***

2